**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRIA MCKNIGHT,<br><br>                    Plaintiff-Appellant,<br><br>  v.<br><br>LYON COUNTY SCHOOL DISTRICT,<br><br>                    Defendant-Appellee. | No.   18-16888<br><br>D.C. No.<br>3:15-cv-00614-MMD-CBC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted July 6, 2020[**]

Before:  GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Terria McKnight, parent of a child with a disability ("Student") who

attended Yerington Elementary School in Lyon County School District ("LCSD"),

appeals pro se the district court's summary judgment and affirmance of the state

review officer's ("SRO") decision in McKnight's action under 42 U.S.C. § 1983,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794. McKnight's claims stem from disagreements with LCSD about Student's Individualized Education Program ("IEP") planning and special education services, among other things, during the 2014-15 school year. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014). In an IDEA case, we review for clear error the district court's findings of fact and de novo its conclusions of law, giving "due weight" to the SRO's decisions. *L.J. by and through Hudson v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1002 (9th Cir. 2017). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Summary judgment was proper on McKnight's claim that LCSD violated the Fourth Amendment when a newspaper photographer took Student's photograph in the cafeteria because McKnight failed to raise a triable dispute as to whether LCSD deprived Student of any constitutional right. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (for Fourth Amendment purposes, "[a] 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed"); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (section

2

1983 action requires showing "that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes").

The district court properly granted summary judgment on McKnight's claim that LCSD retaliated against her for filing due process complaints because McKnight failed to meet her burden of establishing that LCSD's proffered reasons for its actions were pretextual. *See Curley*, 772 F.3d at 632 (describing burden-shifting framework applicable to ADA retaliation claims).

The district court properly affirmed the SRO's determination that LCSD did not violate the IDEA when an autism specialist conducted an observation of Student because the observation was a "screening of a student by a teacher or specialist to determine appropriate instructional strategies" and did not require parental consent under the IDEA. *See* 34 C.F.R. § 300.302 (stating that such a screening "shall not be considered to be an evaluation for eligibility for special education and related services"); *id.* § 300.310(b) (stating that district should obtain parental consent before conducting evaluation for eligibility for special education services).

The district court properly affirmed the SRO's determination that LCSD did not deny Student a free appropriate public education ("FAPE") by failing to provide him a one-on-one aide in the general classroom because Student's IEPs

were "'reasonably calculated to enable [him] to achieve passing marks and advance from grade to grade.'" *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 996 (2017) (citation omitted) (describing requirements for children receiving instruction in the general classroom to receive a FAPE under the IDEA); *Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008) (adopting a valid IEP under the IDEA is sufficient to provide a FAPE under Section 504).

The district court properly affirmed the SRO's determination that LCSD did not deny Student a FAPE by failing to provide McKnight sufficient information about Student's progress because Student's IEPs complied with IDEA requirements and LCSD did as they specified and more. *See* 34 C.F.R. § 300.320(a)(3)(ii) (stating that IEP should indicate when periodic progress reports will be provided). The district court did not abuse its discretion by failing to consider various evaluations obtained after the SRO's decisions because it is unclear how they are relevant to this claim. *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) (district court has discretion whether to admit "additional evidence 'concerning relevant events occurring subsequent to the administrative hearing'" (citation omitted)).

The district court properly affirmed the SRO's determination that LCSD did not deny Student a FAPE by failing to identify specific measures for Student's progress because Student's IEPs complied with IDEA requirements. *See* 34 C.F.R.

§§ 300.320(a)(2)(i), (a)(3)(i) (stating that IEP should include "[a] statement of measurable annual goals" and "[a] description of [h]ow the child's progress toward meeting the annual goals . . . will be measured").

To the extent McKnight contends that LCSD violated the IDEA when a newspaper photographer took Student's photograph, nothing about this allegation implicates any IDEA requirement.

**AFFIRMED.**